UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO. 8:25-cr-358-VMC-CPT

ESAI PASTRANA CRUZ

**UNITED STATES' SENTENCING MEMORANDUM**

The United States of America, by Gregory W. Kehoe, United States Attorney for the Middle District of Florida, submits this sentencing memorandum in support of a 51-month sentence of imprisonment. The United States' sentencing recommendation contemplates a two-level downward variance based on the factors under 18 U.S.C. § 3553(a).

## I.    FACTUAL BACKGROUND

Between June 2019 and December 2023, Cruz purchased approximately 90 firearms from various federally licensed firearm dealers ("FFLs") within the Middle District of Florida, with the vast majority being various similar Glock and Micro-Draco models. PSR ¶ 16. Approximately 21 of the firearms were seized by various law enforcement agencies and traced to purchase that Cruz made. Doc. 25, p. 18. Among the recovered firearms, some were found in packages bound for Puerto Rico and two had been used in shooting incidents based on NIBIN associations. *Id.*; PSR ¶ 28, 35. Specifically, one firearm was used in a shooting of an occupied dwelling incident in Orange County, Florida and another was used in a drive-by shooting in Hillsborough County where two victims were struck by gunfire. PSR ¶ 28, 35.

In July 2024, ATF agents contacted Cruz who agreed to meet, and two non-custodial interviews were conducted with the assistance of a Spanish-speaking agent. PSR ¶ 46-47. During the interviews, Cruz admitted to purchasing the bulk of the firearms for other individuals, including the firearms named in Counts One through Seventeen of the Indictment. *Id.*; Doc. 25 p. 18. Cruz knew the other individuals were involved in trafficking narcotics, such as cocaine, heroin, and fentanyl, and were doing "improper things" with the firearms. *Id.* He knew that one individual he was purchasing firearms for had been involved in a shooting. *Id.* Cruz further believed the individuals were later converting the firearms to machine guns to increase profit. *Id.*

## II.    PROCEDURAL BACKGROUND

On July 16, 2025, Cruz was named in a seventeen count Indictment for conspiracy and making false statements to federally licensed firearm dealers, in violation of 18 U.S.C. § 371, 922(a)(6), and 924(a)(2). Doc. 1. After the Indictment was returned, agents contacted Cruz who reported to ATF Puerto Rico and was arrested. Cruz was subsequently released on bond after his initial appearance. On February 19, 2026, Cruz pled guilty by plea agreement to Counts One and Two of the Indictment.[1] Doc. 33.

---

[1] The United States will move to dismiss Counts Three through Seventeen at sentencing pursuant to the Plea Agreement.

## III.    PRESENTENCE INVESTIGATION REPORT

On May 14, 2026, United States Probation issued its final PSR on Cruz. Doc. 41. Cruz has an offense level of 26 and a criminal history category of I, resulting in a guideline range of 63-78 months. PSR ¶ 97. The maximum penalties for Counts One and Two are five and ten years, respectively. PSR ¶ 96.

Cruz, through counsel, had previously objected to portions of the relevant conduct and their related guideline enhancements contained in the initial PSR. However, after a series of meetings between counsel for both parties and probation, the objections were largely withdrawn. Cruz now has an outstanding objection to the application of the 2025 Guidelines Manual pursuant to § 1B1.11 but does not contest the underlying facts.

## IV.    OUTSTANDING OBJECTIONS

### A. The 2025 Guidelines Manual is appropriately used and does not violate the *ex post facto* clause.

The Guideline Manual in effect on the date of sentencing should be used, unless the use of that manual would violate the *ex post facto* clause. USSG § 1B1.11. An *ex post facto* violation occurs if the application of a sentencing scheme enacted after the commission of the crime results in a greater penalty, in which case the manual in effect when the crime is committed should be used. *U.S. v. Bailey*, 123 F.3d 1381, 1403 (11th Cir. 1997). Under the "one book rule" a single Guidelines Manual governs the defendant's sentencing calculation in its entirety. *Id*. However,

3

in the case of a continuing offense such as a conspiracy, or related offenses committed in a series – including relevant conduct, the manual in effect at the end of the series governs. *Bailey*, at 123 F.3d at 1405.; *U.S. v. Bane*, 720 F.3d 818, 823 n.2 (11th Cir. 2013); *U.S. v. Johnson*, 413 Fed. Appx. 151, 153 (11th Cir. 2011)(unpublished).

Here, Cruz pled guilty to an ongoing conspiracy to acquire firearms from FFLs on behalf of his co-conspirators through false statements on ATF Form 4473s. Doc. 1, 17. The firearms that Cruz acquired during the conspiracy occurred as early as June 29, 2019, and continued through on or about December 22, 2023. Doc. 1, 17. Similarly, Cruz admitted to the substantive firearm purchases that occurred between the above dates. Doc. 17. The firearm purchases occurred regularly over several years until the last identified purchases on December 22, 2023, which were for his co-conspirators. PSR ¶ 46. The relevant sentencing enhancements remain unchanged between the 2023 and the 2025 versions of the Guidelines Manual and thus, the Court should apply the 2025 version.

## V.    FACTORS UNDER 18 U.S.C. § 3553(a)

A 51-month sentence of imprisonment is appropriate based on the nature and circumstances of the offense and the need to protect the community, weighed against Cruz' history and characteristics. See 18 U.S.C. § 3553(a).

In arriving at an appropriate sentence, the district court must consider all of the applicable factors under Section 3553(a). United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009). However, the decision about how much weight is assigned to

a particular factor is "committed to the sound discretion of the district court." United States v. Williams, 526 F.3d 1312, 1322 (11th Cir. 2009).

The nature and circumstances of the offense are significant. As a result of Cruz' offense conduct, numerous firearms were distributed into the community after circumventing safety measures designed to keep firearms away from prohibited individuals. Through Cruz's own admission, the bulk of the firearms were purchased on behalf of individuals who were members of a drug trafficking organization. Two of the firearms Cruz purchased were later used in unlawful shootings, one of which involved a drive-by where individuals were struck by gunfire.

On the other hand, Cruz has no criminal history and was forthcoming with agents during the investigation. After being indicted, Cruz turned himself in voluntarily at agents' request and has not violated any conditions of his pretrial release. Since 2024, Cruz has been gainfully employed as verified by Probation.

Based on Cruz' personal history and acceptance of responsibility, a two-level downward variance is warranted. However, any further variance would not reflect the serious nature of Cruz' offense conduct and the danger to the community his conduct created.

5

Ultimately, the United States respectfully submits that a 51-month sentence of imprisonment is sufficient, but not greater than necessary under the factors set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

GREGORY W. KEHOE
United States Attorney


By:    /s/ *Jeff Chang*_____
       Jeff Chang
       Assistant United States Attorney
       Florida Bar No. 1025340
       400 N. Tampa Street, Suite 3200
       Tampa, Florida 33602-4798
       Telephone:   (813) 274-6000
       Facsimile:    (813) 274-6358
       E-mail: Jeffrey.Chang@usdoj.gov

6

**U.S. v. Pastrana Cruz**                                **Case No. 8:25-cr-358-VMC-CPT**

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on May 14, 2026, I electronically filed the foregoing with

the Clerk of the Court by using the CM/ECF system which will send a notice of

electronic filing to the following:

Counsel of Record

/s/ *Jeff Chang*
Jeff Chang
Assistant United States Attorney
Florida Bar No. 1025340
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:   (813) 274-6000
Facsimile:    (813) 274-6358
E-mail: Jeffrey.Chang@usdoj.gov

7